/s/ Robert F. Stephens
Chief Justice

**Stephen Jarvis MOORE, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Complainant.**

No. 97–SC–417–KB.

Supreme Court of Kentucky.

Sept. 4, 1997.

As Amended Sept. 5, 1997.

### OPINION AND ORDER

Movant, Stephen Jarvis Moore, requests this Court to enter an Order of Public Reprimand against him for engaging in unethical and unprofessional conduct in violation of SCR 3.130—4.2. The Inquiry Tribunal of the Kentucky Bar Association charged Movant with violating SCR 3.130–4.2 which provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party that a lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

In its response to this Court, the Kentucky Bar Association raised no objection to this Motion.

The pertinent facts in this case occurred in August 1992, when Billy Mahan, acting pro se, filed a Petition for Dissolution of Marriage in the Knox Circuit Court. In September, 1993, the action was transferred to Laurel Circuit Court and in August, 1994, Mr. Mahan employed independent counsel to represent him who amended the Petition and filed other pleadings. His independent counsel subsequently withdrew and Mr. Mahan employed other counsel who entered her appearance on October 19, 1994.

Billy Mahan's estranged wife, Tammy Mahan, retained the services of Movant and was simultaneously employed by Movant as a part-time secretary. On December 22, 1994, Movant filed his motion to withdraw from representation of Ms. Mahan. The motion was granted on January 3, 1995. Movant admits and acknowledges that he represented Ms. Mahan from August, 1994 to January 3, 1995.

On December 9, 1994, Mr. Mahan was present with friends at a dining and drinking establishment near Jellico, Tennessee, when Movant entered the establishment and approached Mr. Mahan. The ensuing discussion between Movant and Mr. Mahan soon focused upon the pending divorce proceedings. Desiring privacy, they moved to a separate table to continue the discussion. Movant offered to Mr. Mahan certain settlement terms on behalf of his client to resolve the disputes between the parties and complete the divorce proceedings. This contact and resulting discussion by Movant was conducted without the consent or knowledge of Mr. Mahan's independent counsel. Movant's violation of the no contact rule was also without knowledge or consent of his client, Ms. Mahan.

The no contact prohibition of SCR 3.130–4.2 applies to direct settlement negotiations with an opposing party who is represented by counsel. Movant acknowledges that he has engaged in unethical and unprofessional conduct in violation of SCR 3.130–4.2. Movant further desires to end the pending disciplinary proceeding.

THUS, IT IS HEREBY ORDERED:

That movant, Stephen Jarvis Moore of Corbin, Kentucky, be, and hereby is, publicly reprimanded for violating the no contact prohibition of SCR 3.130–4.2. Movant is further ordered to pay the costs of this disciplinary proceeding which consist solely of postage in the sum of $5.27.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE, STUMBO and WINTERSHEIMER, JJ., concur.

LAMBERT, J., did not participate.

ENTERED: September 4, 1997.

/s/ <u>Robert F. Stephens</u>
Chief Justice