**Clement L. BEZOLD, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2004–SC–0153–KB.

Supreme Court of Kentucky.

April 22, 2004.

As Corrected May 27, 2004.

## OPINION AND ORDER

Movant, Clement L. Bezold, of Fort Thomas, Kentucky, having admitted that he violated SCR 3.130–1.7(b), asks this Court to issue a public reprimand against him. The Kentucky Bar Association (KBA) has no objection. Accordingly, we grant the motion and issue the reprimand.

### Charge

Bezold represented Jaclyn Spafford in a divorce case. In this capacity, he filed an answer to Spafford's husband's divorce petition and filed a motion for temporary custody at the same time. About three months later, Bezold filed a motion for the trial court to appoint a child custody investigator. According to the motion, the investigator was to conduct interviews and make a recommendation concerning visitation and custody of the couple's minor child. The trial court granted the motion and appointed an investigator.

The investigator's report revealed that Bezold was interviewed during the investigation. Bezold told the investigator that he was romantically involved with Spafford, who also worked for him. Subsequently, Bezold withdrew as counsel and new counsel for Spafford entered the case.

SCR 3.130–1.7(b) provides that "a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or third person, or by the lawyer's own interests unless, (1) the lawyer reasonably believes that the representation will not be adversely affected; and (2) the client consents after consultation." Bezold admits that he violated this rule.

Upon the foregoing facts and charges, it is therefore ordered that:

1. Clement L. Bezold, be and hereby is publicly reprimanded for his violation of SCR 3.130–1.7(b); and

2. Bezold, in accordance with SCR 3.450, is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $10.16, and for which execution may issue from this Court upon finality of this Opinion and Order.

LAMBERT, C.J.; COOPER, JOHNSTONE, STUMBO, and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., files a separate concurring opinion, which STUMBO and WINTERSHEIMER, JJ., join.

KELLER, J., dissents by separate opinion, with GRAVES, J., joining that dissenting opinion.

Entered: April 22, 2004.

/s/ Joseph E. Lambert
    Chief Justice

JOHNSTONE, Justice, concurring.

I concur completely in the Opinion and Order of the Court, but write separately to express my bewilderment at the Dissenting Opinion. The Opinion and Order does not adopt a "bright-line rule" that a lawyer-client romantic relationship, regardless of the nature of the relationship or when it is commenced, is a violation of the Rules. Nor does it create uncertainty regarding such a relationship. The motion before us simply requests that this Court approve an agreed disposition of a disciplinary case,

something we have done countless times before.

And it is clear what we have before us to base our opinion upon—first, an admission by the Movant that he has violated SCR 3.130–1.7(b); and, second, the Kentucky Bar Association's agreement that the Movant should be publicly reprimanded as a consequence of that violation. If the Dissenting Opinion advocates that we should discontinue approving agreed dispositions of disciplinary charges, it should simply so state. It is demeaning to the members of this Court to imply that we are "rubber stamping" motions without thought or consideration. Nothing could be further from the truth.

STUMBO and WINTERSHEIMER, JJ., join.

KELLER, Justice, dissenting.

This Court disciplines attorneys who violate Kentucky's Rules of Professional Conduct ["Rules"], but we exercise our disciplinary authority *only* when we are presented with a violation of those Rules. And, although today's Opinion and Order would appear to suggest otherwise, the Rules do not expressly prohibit romantic relationships between lawyers and clients. Accordingly, this Court has no power to discipline a member of the Kentucky Bar Association simply because he or she has been involved in a romantic relationship with a client unless the attorney has also violated a provision of the Rules. Here, the Inquiry Commission charged Movant with a violation of a specific provision of the Rules, *i.e.*, SCR 3.130–1.7(b), which states that "[a] lawyer shall not represent a client if the representation of that client

may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests[,]" and Movant now asks us to publicly reprimand him for a violation of that provision. In order to make a meaningful ruling upon that Motion, *i.e.*, to do more than "rubber stamp" the motion in light of Bar Counsel's agreement, I believe that I must first answer two questions: (1) how did Movant violate SCR 3.130–1.7(b)? and (2) is a public reprimand an appropriate disciplinary sanction for that violation? Because the present record before us fails to indicate how Movant's "romantic relationship" with Spafford "materially limited" his representation of her, I can answer neither of these questions. And, given the vague Opinion and Order entered in this case, which offers no insight as to how Movant may have violated SCR 3.130–1.7(b), the majority of this Court voting to grant Movant's motion appears similarly uncertain of the nature of Movant's violation. In fact, the only indication of misconduct in this case is a conclusory sentence in Movant's motion that tracks the language of the rule and states that Movant "violated SCR 3.130–1.7(b) when he represented Jaclyn Spafford in a divorce case in which child custody and visitation were an issue despite the fact that the representation was materially limited by Movant's own interests in connection with his personal relationship with his client"[1] As such, this Court has no information before it from which we can determine whether *any* disciplinary sanction is appropriate; let alone whether a public reprimand is an appropriate sanction. For that reason, I dissent and vote to deny Movant's motion for a public reprimand.

1. The supporting documents contained in the record reveal that Spafford did not have custody of the minor child and was, in effect, seeking only visitation with her child who was in the physical custody of her father. The record contains no evidence that Movant himself was personally opposed to such visitation or that Movant did anything in the scope of his representation or otherwise that would have interfered with his client's wishes.

In order for Movant's conduct to constitute a violation of SCR 3.130–1.7(b), it must have "materially limited" his representation of Spafford. And, while it may be the case that Movant's own interests concerning his romantic relationship with his client did, in fact, materially limit the representation, it is impossible for us to determine from the record before us whether that was the case. Further, and perhaps more important, the practicing bar certainly cannot make this determination from the Court's Opinion and Order that requires practitioners to speculate not only as to the nature of the romantic relationship between Movant and Spafford but, more importantly, as to how the romantic relationship materially limited Movant's representation of Spafford. In other words, the Opinion and Order provides no guidance to the practicing bar in determining how a romantic relationship may undermine representation of a client.

I realize that, in effect, the motion before the Court asks us only to approve an agreement reached between Movant and the KBA. By imposing the requested discipline, however, the Court's Opinion and Order places this Court's imprimatur upon a bare-bone charge that Movant violated the Rules apparently merely by having a romantic relationship with Spafford during his representation of her. Under the existing Rules, more is required. For that reason, I would deny the Motion for a Public Reprimand and either allow the charge to proceed against the Movant in its normal course or permit the Movant and the KBA to supplement the record with facts that support a conclusion that Movant's representation of Spafford was undermined by his romantic relationship with her so that the Opinion and Order could reflect those facts for the benefit of the practicing bar.

Finally, I would emphasize that the message being sent to practitioners by the Court's Opinion and Order is that this Court has evidently adopted a bright-line rule that a lawyer-client romantic relationship during representation of the client, regardless of the nature of the relationship or when it commenced, is a violation of the Rules. At the least, the Court's Opinion and Order has created uncertainty regarding such a relationship. Although I believe that Kentucky, like many jurisdictions,[2] should consider adding such a rule to its existing Rules, we have not done so at this time, and if we are doing so today by judicial fiat, the practicing bar deserves to be informed of that fact in no uncertain terms.

GRAVES, J., joins this dissenting opinion.

**2.** *See* Abed Awad, *Attorney–Client Sexual Rela-* *tions,* 22 J. Legal Prof. 131 (1998).