John H. CALLIS, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2004–SC–0659–KB.

Supreme Court of Kentucky.

Sept. 23, 2004.

Clyde F. Johnson, Kirk Law Firm, Prestonsburg, Counsel for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

**OPINION AND ORDER**

The Kentucky Bar Association (KBA) charged Movant, John H. Callis, with a violation of SCR 3.130–4.2 for improper contact with a defendant's agent without informing the employer. Callis moves this Court to sanction him by Public Reprimand. The KBA agrees, and we so order.

Callis was admitted to the practice of law on November 7, 1984, and maintains a bar roster address at 193 East Court Street, Prestonsburg, Kentucky. Callis does not dispute that he violated the Rules of Professional Conduct as charged in KBA File 10486.

In March of 2003, while representing a client in a worker's compensation claim, Callis took a deposition at the defendant-employer's facility. The deponent was the defendant-employer's business office manager. After the deposition and after the defendant-employer had left, Callis returned to the facility and spoke with the Director of Nursing. He asked the Director of Nursing questions about three nurses who had been mentioned by the Director of Nursing. He inquired whether the three nurses had said anything to the deponent about his client, or about performing an examination of his client.

The administrative law judge in the underlying worker's claim disqualified Callis as the attorney because the communication between Callis and the Director of Nursing—an employee of the defendant-employer—was conducted without the employer being present. SCR 3.130–4.2 provides that "in representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

Callis fully acknowledges that he violated SCR 3.130–4.2.[1]

Upon the foregoing charge and facts, it is ordered that the Movant's Motion for Public Reprimand be granted. Therefore, it is ORDERED that:

1. Movant, John H. Callis, is hereby publicly reprimanded for violating SCR 3.130–4.2.

2. In accordance with SCR 3.450, Callis is directed to pay all costs associated with these disciplinary proceedings in the amount of $8.15, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: September 23, 2004.

/s/ Joseph E. Lambert
Chief Justice

1. *See Shoney's Inc. v. Lewis,* Ky., 875 S.W.2d 514 (1994).