**Robert W. STEVENS, Esq. KBA Member No. 86052, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2006–SC–000094–KB.

Supreme Court of Kentucky.

March 23, 2006.

Timothy Denison, Esq., Louisville, Dwight Preston, Esq., Lewis & Preston, Esq., Elizabethtown, Counsel for Movant.

Bruce K, Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Office of Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

Movant, Robert W. Stevens, was admitted to the practice of law in the Commonwealth of Kentucky on October 13, 1995. His bar roster address is 3240 Knox Avenue, Vine Grove, Kentucky 40175.

From January 1, 2001 to June 20, 2004, Mr. Stevens was employed as an Assistant Commonwealth's Attorney in Hardin County Kentucky. On May 19, 2004, while he was an Assistant Commonwealth's Attorney, he had sexual contact with Erica French, a Defendant in a criminal matter being handled by the Hardin County Commonwealth's Attorney's office. However, Mr. Stevens was not the prosecuting attorney in this case. As a result of this conduct, he lost his position as Assistant Commonwealth's Attorney in Hardin County and was charged with official misconduct, a misdemeanor, in Jefferson District Court. He was acquitted in a trial by jury on October 12, 2005.

Due to these events, the Inquiry Commission issued a complaint, but has not issued a charge in this matter.

Mr. Stevens admits in his motion for public reprimand that he violated SCR 3.130–1.7(b), which provides the following:

> [A] lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibility to another client or to a third person or by the lawyer's own interest, unless (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consolation. When the representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Mr. Stevens also acknowledges that the Inquiry Commission had grounds to issue a charge against him in KBA file 11838, but has moved this Court, and the KBA, to terminate this investigation and disciplinary proceeding by requesting, instead, to be publicly reprimanded for his violation.

The Motion for Public Reprimand, along with the relevant case law, was reviewed and approved by the Chair of the Inquiry Commission and the immediate Past President of the KBA before submission to this Court, pursuant to the Office of Bar Counsel's standard procedure in Consensual Discipline cases.

The ABA Standards for Imposing Lawyer Sanctions, Section 9.32(1991), as noted by KBA in its response to the Motion for Public Reprimand, provides that mitigating circumstances may be considered in deciding what sanctions to impose after misconduct has been established. In this case, Mr. Stevens has apologized to the Kentucky Bar Association, the Hardin County Bench and Bar, and the citizens of Hardin County for his actions. He has expressed regret and remorse for his actions and has acknowledged that his actions resulted in a violation of the Rules of Professional Conduct, and accepts a public reprimand as punishment. Additionally, he has no prior disciplinary history and has made full and free disclosure to the Disciplinary Board with a cooperative attitude toward the disciplinary proceeding. While Mr. Stevens admits to having sexual contact with a defendant, it is noted he was not the prosecuting attorney in that case, and he made no offers of compromise or any kind of deal to the Defendant. His behavior did not prejudice the Commonwealth or any party.

Therefore, we adopt the finding by the KBA regarding the appropriate discipline in this matter and order Mr. Stevens be publicly reprimanded for his violation of SCR 3.130–1.7(b).

Thus, it is ordered that:

1) The disciplinary proceedings by the Inquiry Commission be terminated;

2) Mr. Stevens, is publicly reprimanded for his violation of Professional Ethics; and,

3) Mr. Stevens, shall pay the costs of $15.00, for which execution may issue from this court upon finality of the Opinion and Order.

All concur.

ENTERED: March 23, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE