Kenneth DANIELS, Movant

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 2008–SC000088–KB.

Supreme Court of Kentucky.

March 20, 2008.

## OPINION AND ORDER

Movant, Kenneth Daniels, KBA Member No. 85515, whose bar roster address is 2957 Coral Strip Parkway, Gulf Breeze, Florida 32563, was admitted to practice law in Kentucky on October 21, 1994. He moves this Court pursuant to SCR 3.480(3) to enter an Order imposing a five-year suspension from the practice of law, effective February 16, 2006, the date he was automatically suspended by operation of SCR 3.166 when he entered into a five-year Pretrial Diversion Agreement and was convicted of two felonies. Movant asks that he be allowed the option of moving this Court to shorten the period of disciplinary suspension in the event that his diversion period is reduced, so long as his suspension is for at least three years. The Kentucky Bar Association, through Bar counsel, states that it has no objection to this arrangement.

Movant is currently suspended from the practice of law. *See Kentucky Bar Ass'n v. Daniels*, 193 S.W.3d 754 (Ky.2006). His suspension and the current disciplinary proceedings stem from criminal charges against him in Jefferson County and Hardin County related actions he took in concert with a client, Erica French.

In May 2004, Movant represented French in a criminal case in Hardin Circuit Court. French indicated that she was willing to testify in the upcoming trial of other persons. The prosecutor in the other case was Robert Stevens. French contacted Movant to tell him about her interaction with Stevens, who had been contacting her for the stated reason of discussing the criminal case in which she was a witness. French indicated that Stevens's statements to her during their interactions turned "personal," as Movant describes it, implying that they discussed sex. After one such interaction, French called Movant and told him that Stevens was coming to her house the next morning. Stevens had told her that he was going to review a video of the defense lawyers' cross-examination to help prepare her to testify.

Movant indicates in his motion that he was concerned about Stevens's motives and intentions, given the personal turn of his conversations with French, who was worried that the deal in her own criminal case would be revoked if she did not accommodate Stevens. Movant told French that her concern was not reasonable, but then he asked to install some video equipment in her house in Louisville to film her interaction with Stevens. French agreed to the arrangement. Movant told French not to have any sexual contact with Stevens. Later that day, Movant had a camera installed in a vent in French's bedroom.

The next day, French called Movant and said that she had the videotape of her interaction with Stevens. She also stated that she had had sex with Stevens, which was reflected by the videotape. Movant drove to Louisville and retrieved the tape.

Movant contacted Stevens the next day and said that there was a problem. They discussed what had happened between Stevens and French. They met at the courthouse the following day, and then spoke by phone several times the next day. Movant then contacted the circuit judge and county attorney in Hardin County. He contacted the Attorney General's office and was advised that a special investigation would be instituted. Movant also contacted the KBA and was advised to provide a written chronology of the events and to send a copy to the KBA. Later that day, Stevens was placed on administrative leave by the Commonwealth's Attorney's Office. He was subsequently charged with misdemeanor official misconduct in Jefferson County, dismissed from his job as a prosecutor, and was publicly reprimanded by this Court. *See Stevens v. Kentucky Bar Ass'n,* 186 S.W.3d 744 (Ky.2006).

Movant was indicted in Jefferson County for video voyeurism, KRS 531.100, a felony that criminalizes the non-consensual videotaping of another person's sexual conduct, or of certain private parts even without sexual conduct. He was later indicted in Hardin County for intimidating a participant in the legal process, KRS 524.040, the factual basis for which was an alleged attempt to influence Stevens by an overt or implied threat. On February 15, 2006, Movant resolved both charges by entering into a five-year Pretrial Diversion Agreement. Pursuant to the agreement, he pleaded guilty to the video voyeurism charge and entered an *Alford* plea to the intimidating a participant in the legal process charge. Under the agreement, his diversion period is five years and represents the conditional discharge of a two year sentence. If he completes the diversion program, the charges against him will be dismissed.

Because he pleaded guilty to a felony, Movant's license to practice law was automatically suspended on February 16, 2006 under SCR 3.166. That suspension was

formalized by Order of this Court on June 15, 2006. *Daniels,* 193 S.W.3d at 754–55.

The KBA subsequently began the current disciplinary proceeding against Movant. The Inquiry Commission issued a two-count Charge alleging that the conduct underlying Movant's criminal charges violated SCR 3.130–8.3(b), which states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects."

The current motion requests that Movant be allowed to resolve these disciplinary proceedings by his suspension under SCR 3.480(3). In his verified motion, Movant asks that his suspension be for five years, unless his period of diversion is reduced, in which case he may seek to have his suspension reduced by this Court to the same amount of time, though in no case would his suspension be reduced to less than three years. The motion also states that Movant had no clients as of the time of his automatic suspension and that he sent no notices of his suspension as a result.

■ The verified motion does not technically comply with the requirements of SCR 3.480(3). It does not indicate that he will seek reinstatement only after a period of time and then in conformity with SCR 3.510, as required by SCR 3.480(3)(a), nor that he will not practice law subsequent to his suspension until reinstated as a member of the KBA by order of this Court, as required by SCR 3.480(3)(b). That Movant seeks suspension from the practice of law as described above, however, is similar enough in substance to satisfy these requirements. Movant has not stated in the verified motion that he will pay the cost of the disciplinary proceedings and investigation in accordance with SCR 3.450, as required by SCR 3.480(3)(c), or that he will comply with SCR 3.390 regarding notice to

clients, as required by SCR 3.480(3)(d). That a sanctioned attorney shall be required to pay the cost of the disciplinary proceedings is mandatory under SCR 3.450. Since it appears that Movant is currently not practicing law in Kentucky and has no clients, it also appears that his giving notice under SCR 3.390 will be unnecessary. The motion's failure to address these two items thus is not fatal in this case.

■ The KBA cites to several cases showing that Movant's proposed suspension/ withdrawal is appropriate. *See Bertram v. Kentucky Bar Ass'n,* 126 S.W.3d 358 (Ky.2004) (imposing five year suspension or suspension until criminal probation expires, whichever occurred first, with a minimum three year suspension for a felony); *see also Kentucky Bar Ass'n v. Hickey,* 31 S.W.3d 434 (Ky.2000) (four year suspension for felony tax evasion retroactive to date of conviction); *Kentucky Bar Ass'n v. Horn,* 4 S.W.3d 135 (Ky.1999) (five year suspension retroactive to date of automatic temporary suspension). This Court agrees that the proposed sanction and conditions are appropriate.

Accordingly, the motion is GRANTED and it is hereby ORDERED:

(1) Movant, Kenneth Daniels, is allowed to withdraw from the Kentucky Bar Association under terms of suspension from the practice of law for period of five years, with said suspension beginning on February 16, 2006. Should Movant's term of pretrial diversion be reduced from its current five years, he may petition this Court for a similar reduction of his suspension, but in no case will his suspension be reduced to less than three years.

(2) Movant may not apply for reinstatement to the practice of law until after the expiration of his period of suspension.

(3) Movant shall immediately take all steps necessary and practicable to cease all forms of advertising of his practice, if any are currently in effect, and shall report the fact and effect of those steps to the Director of the KBA in writing within twenty days of entry of this order.

(4) If Movant currently has any clients, he shall comply with SCR 3.390 regarding notice to clients of his suspension.

(5) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $48.12, for which execution may issue from this Court upon finality of this Opinion and Order.

LAMBERT, C.J.; ABRAMSON, CUNNINGHAM, MINTON, NOBLE and SCOTT, JJ., concur.

SCHRODER, J., dissents without opinion.

ENTERED: March 20, 2008.

/s/ Joseph E. Lambert
Chief Justice