**Pamela C. BRATCHER, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 2009–SC–000358–KB.

Supreme Court of Kentucky.

Aug. 27, 2009.

**OPINION AND ORDER**

Movant, Pamela C. Bratcher, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceeding against her (KBA File No. 11213) by imposing a public reprimand as negotiated with Bar Counsel for the Kentucky Bar Association (KBA). For the following reasons, the motion is granted.

Movant was admitted to the practice of law in the Commonwealth of Kentucky on November 4, 1988; her KBA member number is 66930. Movant's bar roster address is 943 College Street, P.O. Box 130, Bowling Green, Kentucky 42102.

Movant represented Dennis D. Babbs in a wrongful termination action against his former employer, R.C. Components, Inc. After suit was filed, Movant learned of a company called Documented Reference Check ("DRC"), which could be hired to

determine the type of reference being given by a former employer. Movant obtained an application form from DRC and provided it to her client. Movant also paid DRC's fee on behalf of her client. An employee of DRC subsequently called the owner of R.C. Components, identified herself as a prospective employer of Mr. Babbs, and requested information about him. The telephone conversation was transcribed and provided to Movant.

Movant sent a copy of the transcript to defense counsel as part of discovery in the case. After receiving the transcript, R.C. Components sought to have Movant disqualified as Mr. Babbs's counsel and to have the DRC transcript suppressed.

Then Circuit Judge John Minton presided over the case. He entered an order disqualifying Movant and suppressing the transcript. He also found that Movant's conduct violated SCR 3.130–4.2, which prohibits a lawyer from communicating about the subject of the representation with a party the lawyer knows to be represented by counsel, and SCR 3.130–8.3(a), which prohibits a lawyer from violating the Rules of Professional Conduct through the conduct of another.

Mr. Babbs sought a writ of prohibition from the Court of Appeals against enforcement of the order. The Court of Appeals denied the writ, stating that while Movant did not think she had violated any rules and had voluntarily disclosed the transcript, her conduct nevertheless violated SCR 3.130–4.2 and 8.3(a). On appeal, this Court affirmed the Court of Appeals.

■ Movant now admits that her conduct violated the requirements of SCR 3.130–4.2 and 8.3(a), and requests that this Court impose a public reprimand. In support of her motions, she cites *Callis v. Kentucky Bar Association,* 143 S.W.3d 603 (Ky.2004), wherein this Court previously imposed a public reprimand for a violation of SCR 3.130–4.2.

■ The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed. . . ." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant, citing *Callis* along with *Moore v. Kentucky Bar Association,* 950 S.W.2d 230 (Ky.1997), in which a public reprimand was also deemed the appropriate sanction for violating SCR 3.130–4.2. According to the KBA, the Chair of the Inquiry Commission and the Immediate Past President of the KBA have reviewed and approved the sanction proposed by Movant.

However, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2).

After reviewing the allegations, the cases cited by the parties, and Movant's disciplinary record, which notes no prior discipline, this Court concludes that the discipline proposed by Movant is adequate. Though Movant violated SCR 3.130–8.3(a) in addition to 4.2, which might distinguish this situation from those cases cited, it is apparent to this Court that the substantive violation of which Movant is guilty is of SCR 3.130–4.2, which she accomplished through an agent, thus giving rise to the violation of SCR 3.130–8.3(a). That she violated the Rule by way of an agent, given the circumstances of this case, does not require a greater sanction than that imposed in *Callis* or *Moore.* The Court therefore approves the discipline agreed to and proposed by the Movant and declines further review of the matter.

## ORDER

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, Pamela C. Bratcher, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is publicly reprimanded for those violations.

2. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $41.79, for which execution may issue from this Court upon finality of this Opinion and Order.

ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, SCOTT and VENTERS, JJ., concur. MINTON, C.J., not sitting.

ENTERED: August 27, 2009.

/s/ Will T. Scott

DEPUTY CHIEF JUSTICE