**Judy W. SIPES, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2009-SC-000304-KB.**

Supreme Court of Kentucky.

Aug. 27, 2009.

## OPINION AND ORDER

Movant, Judy W. Sipes, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceeding against her (KBA File No. 11988) by imposing a public reprimand as negotiated with Bar Counsel for the Kentucky Bar Association (KBA). For the following reasons, the motion is granted.

Movant was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1995; her KBA member number is 85742. Movant's bar roster address is 260 Franklin Road, Big Clifty, Kentucky 42712.

The Movant represented the estate of a man who died and another who was injured in a fire just outside the city limits of Elizabethtown. Movant filed suit on behalf of her clients against the City of Elizabethtown and the Elizabethtown Gas and Water Departments. There was a question about the cause of the fire, which was investigated by local authorities, including the Hardin County Sheriff's Office, which had primary jurisdiction over the investigations, and the Elizabethtown Fire Department, which was called in pursuant to a "mutual aid assistance" agreement.

The allegations against Movant relate to her interaction with Lieutenant Rusty Todd, an employee of the Elizabethtown Fire Department, who conducted an investigation of the fire on behalf of the fire department and prepared a detailed report. Movant obtained a copy of the report and then contacted him to set up an interview to discuss the report. The interview took place at the Elizabethtown Fire Headquarters. Shortly after she arrived there, Movant was told by Lt. Todd that he was an employee of the City of Elizabethtown and its fire department. Movant proceeded with the interview, which was recorded.

At that time, the City of Elizabethtown was represented by James D. Ishmael and Deborah L. Shaw, the city's attorneys. Movant made no effort to obtain their permission before conducting the interview with Lt. Todd.

After learning of the interview, the city's attorneys filed a motion seeking exclusion of the interview and the disqualification of the Movant from further representation of the plaintiffs.

Circuit Judge Kelly Easton presided over the case. He held a hearing on the city's motion at which Lt. Todd and another person who was present for the interview testified as to the circumstances surrounding it. Movant also testified about her belief as to the identity of Lt. Todd's employer. After the hearing, Judge Easton entered an order finding that Movant violated SCR 3.130–4.2 by interviewing a city employee whose statements could constitute an admission by the city while the city was represented by counsel. As a result, the judge excluded the interview. Movant did not appeal the order.

 The proceedings before the circuit court led to the initiation of disciplinary proceedings against Movant for violating SCR 3.130–4.2. Movant now admits that her conduct violated the requirements of SCR 3.130–4.2, and requests that this Court impose a public reprimand per her negotiations with the Office of Bar Counsel.

The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed. . . ." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant, citing *Callis v. Kentucky Bar Association,* 143 S.W.3d 603 (Ky.2004), and *Moore v. Kentucky Bar Association,* 950 S.W.2d 230 (Ky.1997). In both *Callis* and *Moore* a public reprimand was also deemed the appropriate sanction for violating SCR 3.130–4.2. According to the KBA, the Chair of the Inquiry Commission and the Immediate Past President of the KBA have reviewed and approved the sanction proposed by Movant.

However, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2). After reviewing the allegations, the cases cited

by the KBA, and Movant's disciplinary record, which notes no prior discipline, this Court concludes that the discipline proposed by Movant is adequate. The Court therefore approves the discipline agreed to and proposed by the Movant and declines further review of the matter.

### ORDER

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, Judy W. Sipes, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is publicly reprimanded for those violations.

2. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $26.32, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 27, 2009.

/s/ John D. Minton, Jr.

CHIEF JUSTICE