**Robert W. RILEY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

**No. 2011–SC–000309–KB.**

Supreme Court of Kentucky.

Aug. 25, 2011.

---

### OPINION AND ORDER

Movant, Robert W. Riley, was admitted to the practice of law in the Common-

wealth of Kentucky on September 1, 1973. His KBA Member No. is 58570, and his current bar roster address is: Riley & Associates, 9400 Williamsburg Plaza, Suite 110, Louisville, Kentucky 40222–5097. Movant is before this Court with a negotiated sanction under SCR 3.480(2).

The Inquiry Commission charged Movant with a violation of SCR 3.130–1.7(b) for engaging a client in sexually explicit telephone conversations, and for making a sexual advance towards the client while Movant was representing the client in a *class* action, sometime in November and December of 2003. The rule in question deals with conflicts of interest and loyalty to a client. At the time charged, June 2, 2005,[1] SCR 3.130–1.7(b) read:

> A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) The lawyer reasonably believes the representation will not be adversely affected; and (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

In this case the client turned down the attorney's advances and notified the firm that she was going elsewhere for representation. The client stayed with the firm after a partner in the firm talked to the client and reassigned the claim to another member of the firm.

Movant and the KBA have negotiated a sanction pursuant to SCR 3.480(2). Accordingly, Movant admits a violation of SCR 3.130–1.7(b) and requests this Court impose a public reprimand. The Kentucky

---

1. Amended effective July 15, 2009.

Bar Association filed a response agreeing to a public reprimand, with costs.

A review of Movant's record reveals three prior private reprimands for matters not similar to the facts in this case. In the case before us, the client turned Movant down and Movant was soon taken off the case. There is no allegation that other members of the class or the client involved were prejudiced by a conflict of interest, and Movant admits he erred in his professional conduct. Case law on SCR 3.130–1.7(b) prior to the 2009 amendment supported public reprimands for an attorney who had an affair with a divorce client (reciprocal discipline); [2] had sexual contact with a defendant being prosecuted by an associate in his office; [3] and had been romantically involved with a client in a child custody case.[4] We agree the negotiated sanction is appropriate in this case.

ACCORDINGLY, IT IS HEREBY ADJUDGED AND ORDERED THAT:

1. Movant, Robert W. Riley, is guilty of professional misconduct for violation of SCR 3.130–1.7(b), as it existed in November and December of 2003;

2. Movant is hereby issued a public reprimand for violation of SCR 3.130–1.7(b); and

3. Movant shall pay the cost in accordance with SCR 3.450, in the amount of $44.08, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2011.

/s/ John D. Minton, Jr.

/s/ Chief Justice

---

2. *Kentucky Bar Association v. Calloway,* 224 S.W.3d 585 (Ky.2007).

3. *Stevens v. Kentucky Bar Association,* 186 S.W.3d 744 (Ky.2006).

4. *Bezold v. Kentucky Bar Association,* 134 S.W.3d 556 (Ky.2004).