TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000051-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


MICHAEL LINDEN MYERS                                    RESPONDENT
KBA MEMBER NO. 90570


## OPINION AND ORDER

Respondent, Michael Linden Myers, Kentucky Bar Association ("KBA") member number 90570, bar roster address P.O. Box 2631, Charleston, West Virginia 25329, was admitted to the practice of law in the Commonwealth of Kentucky on January 7, 2005. The KBA Inquiry Commission issued a four-count Charge against Respondent on October 4, 2013, in KBA File Number 21948. The Charge alleged violations of the following Rules of Professional Conduct: Count I, Supreme Court Rule ("SCR") 3.130-1.3 (attorney must represent the client with reasonable diligence and promptness); Count II, SCR 3.130-1.4(a)(3) (attorney shall keep the client reasonably informed); Count III, SCR 3.130-1.4(a)(4) (attorney must promptly comply with reasonable requests for information); and Count IV, SCR 3.130-8.4(c) (attorney may not engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

On October 28, 2013, Respondent filed his Answer and admitted to violating the first three Counts of the Charge. A hearing was subsequently held

and both parties submitted memorandums. The Trial Commissioner issued his Report on October 7, 2014. The Report found Respondent guilty of violating all four Counts of the Charge and recommended a thirty-day suspension from the practice of law, probated conditionally for two years.

This disciplinary action is now before the Court pursuant to SCR 3.360(4), which states that within thirty days after the Trial Commissioner files his or her report with the Disciplinary Clerk, "either party may file a notice of appeal . . . . If no notice of appeal is timely filed, the entire record shall be forwarded to the Court for entry of a final order . . . ." Before we accept the Report and enter a final order pursuant to SCR 3.370(9), this Court must determine whether it will independently review the Trial Commissioner's decision. After all, the Trial Commissioner's Report is advisory, and it is "our job to establish the appropriate sanction." *Kentucky Bar Ass'n v. Steiner,* 157 S.W.3d 209, 211 (Ky. 2005) (citing SCR 3.380).

## Findings of Facts

In 2010, Respondent began representing Howard and Gidget Smith in a medical malpractice suit in the Boyle Circuit Court. In April of 2012, a week-long trial commenced. The jury returned a verdict in favor of the defendant on April 16, 2012. Respondent discussed with his clients the option of appealing the verdict, but candidly explained that a successful appeal was unlikely. Nonetheless, the parties elected to move forward with an appeal. Respondent filed the appeal on May 31, 2012. Unfortunately, Respondent failed to file a pre-hearing statement as required by the Kentucky Rules of Civil Procedure

2

76.03. As a result, the appeal was dismissed in August of 2012. Unaware of the dismissal, the Smiths contacted Respondent in February of 2013 to discuss the status of their appeal. Respondent did not admit to his procedural mistake. Instead, Respondent explained that the Court of Appeals denied the appeal.

## Conclusions of Law

As mentioned, Respondent admitted to violating the first three Counts of the Charge. Consequently, the Trial Commissioner only analyzed Count IV of the Charge, which alleged Respondent "engag[ed] in conduct involving dishonesty, fraud, deceit or misrepresentation." Respondent urged the Trial Commissioner to find him not guilty of violating the rule because his conduct did not involve fraud. Yet, as the Trial Commissioner correctly stated, SCR 3.130-8.4 uses the conjunction "or" not "and", meaning that the misconduct must only fall into one of the proscribed categories—dishonesty, fraud, deceit *or* misrepresentation. Even assuming *arguendo* that a finding of fraud is required, the Trial Commissioner still believed Respondent violated SCR 3.130-8.4 as fraud is defined as "a false representation of a matter of fact . . . concealment of that which should have been disclosed." Black's Law Dictionary, 4th Edition (1968). Respondent's statement to the Smiths that the Court of Appeals denied their appeal was a false representation, the truth of which should have been disclosed. Thusly, the Trial Commissioner correctly concluded that Respondent "engaged in conduct that was dishonest, fraudulent, deceitful, and contained acts of misrepresentation when he failed to

3

timely advise his clients that the appeal had been dismissed, but instead told them 6 months later that it had been denied."

## Recommendation

In formulating Respondent's punishment, the Trial Commissioner considered Respondent's state of mind when the misconduct occurred. More specifically, Respondent claimed that after the jury trial, he was highly distraught because he cared so deeply for the Smiths. Respondent also alluded to the possibility that he was suffering from depression. Respondent further demonstrated great remorse for his behavior. As a result, the Trial Commissioner recommended that Respondent be suspended from the practice of law for thirty days, probated for two years. Respondent's probation is conditioned on him paying all costs associated with the disciplinary proceedings, refraining from incurring any additional disciplinary charges, and completing all recommendations imposed upon him by the Kentucky Lawyer Assistance Program ("KYLAP").

## Conclusion

After reviewing the Trial Commissioner's Report, we conclude that his findings of fact and conclusions of law are adequately supported by the record and our case law. *See Kentucky Bar Ass'n v. Pridemore,* 436 S.W.3d 526 (Ky. 2014) (attorney received a thirty-day suspension, probated for two years, for failing to file client's appeal and then lying to the client about the appeal when subsequently asked about the case's status); *Kentucky Bar Ass'n v. Quesinberry,* 203 S.W.3d 137 (Ky. 2006) (attorney was given a probated thirty-

4

day suspension for failing to file an appellate brief which resulted in the dismissal of his client's appeal); *Kentucky Bar Ass'n v. Zimmerman,* 11 S.W.3d 47 (Ky. 2000) (attorney was suspended for forty-five days after his client's appeal was dismissed due to his failure to file a pre-hearing statement).

Thusly, this Court does not elect to independently review the Trial Commissioner's decision pursuant to SCR 3.370(8). We hereby adopt the Trial Commissioner's findings of fact, conclusions of law, and recommendations pursuant to SCR 3.370(9). However, we must note that the record does not disclose whether Respondent has sought KYLAP services, nor can we ascertain if KYLAP has evaluated Respondent. Therefore, in addition to abiding by any KYLAP recommendations, our order also imposes a condition that Respondent obtain an evaluation by a KYLAP professional.

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, Michael Linden Myers, KBA member number 90570, is found guilty of the above-described violations of the Rules of Professional Conduct.

2. Respondent is hereby suspended from the practice of law in this Commonwealth for a period of thirty (30) days, probated for two (2) years.

3. Respondent's probation is conditioned on him receiving an evaluation preformed by a KYLAP professional. Once obtained, Respondent must fully comply with any resulting recommendations from the evaluation.

4. Respondent's probation is also conditioned on him not receiving any

additional disciplinary charges during the two (2) year probationary period.

5. Pursuant to SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding, in the amount of $796.11 for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE