TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000404-KB

MATTHEW D. BOWMAN                                                         MOVANT

V.                                    IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                          RESPONDENT

## OPINION AND ORDER

Pursuant to SCR 3.480(2), the negotiated sanction rule, Movant, Matthew D. Bowman,[1] moves this Court to impose upon him a thirty day suspension, to be probated for one year, conditioned upon Movant incurring no further disciplinary charges, and further conditioned upon Movant completing the Ethics and Professional Enhancement Program within one year. The Kentucky Bar Association (KBA) has no objection to Movant's request.

## I. KBA FILE NO. 23247

While Movant was employed as a civilian attorney working for the United States Army at Fort Knox, he knowingly provided a false statement to an agent of the Department of Defense, Office of the Inspector General. In May 2010, Movant pled guilty to a violation of Title 18, United States Code, Section 1018, Official Certificates or Writings.[2] Based upon the maximum possible penalty

---

[1] KBA Member No. 82382; bar roster address, 1743 Murrays Run Road, Bardstown, Ky., 40004. Movant was admitted to the practice of law April 29, 1988.

[2] "Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and

provided for the offense, it would be classified as a misdemeanor under Kentucky law. As a result of this guilty plea, Movant was sentenced to pay a $25.00 court cost fee and to serve one year on probation.

As a result of the above conduct, the Inquiry Commission charged Movant with having violated SCR 3.130(8.4)(b)[3] for professional misconduct in committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

## II. DISCIPLINE

Movant admitted to professional misconduct by violating the cited Kentucky Supreme Court Rule for the Charge issued by the Inquiry Commission in this matter as set forth above. Under SCR 3.480(2), Movant and the KBA have further agreed to the imposition of discipline and now ask this Court to impose the agreed upon sanction of a thirty day suspension, to be probated for one year, conditioned upon his attendance and successful completion of the Ethics and Professional Enhancement Program within one year.

After reviewing the record, the applicable ethical standards, and other relevant authorities, this Court concludes that the discipline proposed by Movant, and agreed to by the KBA, is adequate. *See Stevens v. KBA*, 186 S.W.3d 744 (Ky. 2006) (Assistant Commonwealth Attorney who had unethical

---

delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both."

[3] Formerly 3.130(8.3)(b).

sexual contact with a client of his office was charged with official misconduct (but acquitted at trial) and received a public reprimand for his unethical conduct).

Accordingly, the Court hereby **ORDERS**:

1. Movant, Matthew D. Bowman, KBA Member No. 82382, is guilty of the charge alleged in KBA File No. 23247;

2. Movant is suspended from the practice of law for a period of thirty days, effective as of the tenth day following entry of this Order pursuant to SCR 3.390(a), with all of the suspension probated for a period of one year, on the condition that Movant attend and successfully complete the Ethics and Professional Enhancement Program within one year;

3. If Movant fails to comply with any of the terms of discipline as set forth in this Order, the Court will impose the full thirty day period of suspension and require client notification under SCR 3.390(b), and Movant will be referred to the Character and Fitness Committee pursuant to SCR 3.510(3); and

4. In accordance with SCR 3.450, Movant must pay $40.16, the cost associated with this proceeding, for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: September 24, 2015.

_____
CHIEF JUSTICE

3