AMENDED: OCTOBER 29, 2015
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000219-KB

FINAL

DATE 10-29-15 [signature]

KIMBERLY LYNN BUNTON                                        MOVANT


V.                            IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                              RESPONDENT


## OPINION AND ORDER

Pursuant to SCR 3.480(2), the negotiated sanction rule, Movant, Kimberly Lynn Bunton[1] moves this Court to impose upon her a one-year suspension, to be probated for two years, conditioned upon Movant incurring no further criminal or disciplinary charges, and further conditioned upon Movant fully complying with the terms of her conditional discharge in *Commonwealth v. Bunton*, Jefferson Circuit Court No. 10-CR-02767. The Kentucky Bar Association (KBA) has no objection to Movant's request.

## I. KBA FILE NO. 16822

While Movant was employed as the director of the Metro Louisville Department of Housing and Family Services, she knowingly violated rules or regulations relating to her office in connection with public benefits received by

---

[1] KBA Member No. 87650; bar roster address, 4311 River Park Drive, Louisville, Kentucky 40211. Movant was admitted to the practice of law May 3, 1999.

her mother. In August 2014, Movant entered an Alford plea to two counts of first-degree official misconduct, a Class A misdemeanor. As a result of these convictions, Movant was sentenced to twelve months on each count with the sentences to run concurrently, for a total of 12 months. This sentence was conditionally discharged for two years, or until restitution in the amount of $8,885.00 is paid, whichever is longer.

As a result of the above conduct, the Inquiry Commission alleged Movant violated SCR 3.130(8.4)(b)[2] for professional misconduct in committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects"; and SCR 3.130(8.4)(c)[3] for professional misconduct in "engaging in conduct involving dishonesty, fraud, deceit or misrepresentation."

## II. DISCIPLINE

Movant admitted to professional misconduct by violating the cited Kentucky Supreme Court Rules for each Charge issued by the Inquiry Commission in this matter as set forth above. Under SCR 3.480(2), Movant and the KBA have further agreed to the imposition of discipline and now ask this Court to impose the agreed upon sanction of a one-year suspension, to be probated for two years, conditioned upon her abiding by the terms of her conditional discharge in her Jefferson County criminal case, and upon incurring no further criminal or disciplinary charges.

---

[2] Formerly 3.130(8.3)(b).

[3] Formerly 3.130(8.3)(c).

2

After reviewing the record, the applicable ethical standards, and other relevant authorities, this Court concludes that the discipline proposed by Movant, and agreed to by the KBA, is adequate. *See Stevens v. KBA,* 186 S.W.3d 744 (Ky. 2006) (Assistant Commonwealth Attorney who had unethical sexual contact with a client of his office was charged with official misconduct (but acquitted at trial) and received a public reprimand for his unethical conduct).

Accordingly, the Court hereby **ORDERS**:

1. Movant, Kimberly Lynn Bunton, KBA Member No. 87650, is guilty of all charges alleged in KBA File No. 16822;

2. Movant is suspended from the practice of law for a period of one year, effective as of the tenth day following entry of this Order pursuant to SCR 3.390(a), with all of the suspension probated for a period of two years, on the condition that Movant must not receive any further disciplinary or criminal charges for two years, and on the condition that she fully comply with the terms of her conditional discharge in *Commonwealth v. Bunton,* Jefferson Circuit Court Case No. 10-CR-2767;

3. If Movant fails to comply with any of the terms of discipline as set forth in this Order, the Court will impose the full one year period of suspension and require client notification under SCR 3.390(b), and Movant will be referred to the Character and Fitness Committee pursuant to SCR 3.510(3); and

4. In accordance with SCR 3.450, Movant must pay $35.00, the cost associated with this proceeding, for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: August 20, 2015.

_____
CHIEF JUSTICE

# Supreme Court of Kentucky

2015-SC-000219-KB

KIMBERLY LYNN BUNTON                                    MOVANT

IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                RESPONDENT

## ORDER GRANTING
## MOTION TO AMEND OPINION AND ORDER

This matter is before the Court on the Respondent's Motion to Amend the Opinion and Order of the Court, entered August 20, 2015. Having reviewed the record and being otherwise fully and sufficiently advised, the Court ORDERS as follows:

1) The Respondent's motion is GRANTED; and

2) The Opinion and Order of this Court, entered August 20, 2015, is AMENDED on its face and the attached Opinion and Order is substituted therefor. The modification does not affect the holding of the case.

All sitting. All concur.

ENTERED: October 29, 2015.

CHIEF JUSTICE