TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0289-KB

INQUIRY COMMISSION                                                                      MOVANT

V.                                        IN SUPREME COURT

RONNIE LEE GOLDY, JR.                                                          RESPONDENT

### OPINION AND ORDER
### DISSOLVING TEMPORARY SUSPENSION

This matter is before the Court upon Ronnie L. Goldy, Jr.'s motion to terminate temporary suspension, pursuant to SCR 3.165(4). Goldy was previously ordered temporarily suspended from the practice of law on September 16, 2022. The Kentucky Bar Association has responded, arguing that Goldy has not presented any new information to the Court justifying termination of the temporary suspension, and that he continues to present a substantial threat of harm to his clients or the public. For the following reasons, we dissolve the temporary suspension.

Goldy was the Commonwealth's Attorney for the 21st Judicial Circuit beginning January 1, 2013. In 2015 or 2016, he met Misty Helton when she was incarcerated in the Rowan County Detention Center. Goldy and Helton began a relationship. Goldy would communicate with Helton directly through text messages and social media, frequently requesting and receiving nude images and videos of Helton. In return, Goldy intervened on Helton's behalf in several criminal cases throughout his jurisdiction, and attempted to use his

position to influence a criminal case in Clark County. Specifically, Goldy had multiple bench warrants recalled on Helton's behalf and agreed to change hearing dates.

The Special Commissioner made findings of fact that

The evidence establishes probable cause to believe that Ronnie Lee Goldy, Jr., while serving as the Commonwealth Attorney for the 21st Judicial Circuit, engaged in personal communications with Misty Helton, a defendant in the 21st Judicial Circuit, regarding her various criminal cases. He discussed Ms. Helton's criminal matters with her directly without her counsel being present and clearly intervened on her behalf by having court dates moved or warrants recalled. In return for his actions, Mr. Goldy solicited nude pictures and videos from Ms. Helton.

The Special Commissioner found that for a "period up to seven years" this conduct occurred, and that "Mr. Goldy abused his power by using his official position as Commonwealth's Attorney to provide Ms. Helton with assistance in criminal matters for her benefit while he expected and requested actions of a sexual nature from her for his benefit."

Based upon the Special Commissioner's findings and conclusion that probable cause existed to believe that "Mr. Goldy's professional misconduct poses a substantial threat of harm to the public pursuant to SCR 3.165(1)(b)," we ordered him temporarily suspended from the practice of law during the pendency of the Inquiry Commission's investigation.

Since that time, Goldy has been formally charged with one count of violation of SCR 3.130(4.2). That rule reads,

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has

2

the consent of the other lawyer or is authorized to do so by law or a court order.

Additionally, the House of Representatives passed Articles of Impeachment against Goldy, and the Senate duly impeached him on March 30, 2023. Goldy is no longer the Commonwealth Attorney for the 21st Judicial Circuit and may not hold any elected office again. Ky. Const. § 68.

Goldy has argued that his temporary suspension for more than 180 days is overly punitive when compared to other cases of attorneys who were also found to have violated SCR 3.130(4.2). For example, he cites *Callis v. KBA*, 143 S.W.3d 603 (Ky. 2004); *Moore v. KBA*, 950 S.W.2d 230 (Ky. 1997); *Brachter v. KBA*, 290 S.W.3d 648 (Ky. 2009); and *Riley v. KBA*, 349 S.W.3d 301 (Ky. 2011). He also argues that both he and his wife have lost their jobs, and he is unable to secure employment elsewhere.

None of the cases cited by Goldy involved a Commonwealth's Attorney, a fact we think extremely important. Goldy is correct, however, that public reprimand is the typical sanction when there is only a violation of SCR 3.130(4.2). *Moore*, 950 S.W.2d at 231; *Callis*, 143 S.W.3d at 604; *Bratcher*, 290 S.W.3d at 650; *Sipes v. KBA*, 290 S.W.3d 650, 652 (Ky. 2009). But all of these were negotiated sanctions. In the *Riley* case, although it involved sexual communications, the rule violated there was SCR 3.130(1.7(b)). 349 S.W.3d at 302. And again, it was a negotiated sanction.

In the case of *Stevens v. KBA*, we issued a public reprimand for a former Assistant Commonwealth's Attorney who had a sexual affair with a defendant, although he was not the prosecuting attorney in her case. 186 S.W.3d 744, 744

3

(Ky. 2006). That case is distinguishable, however, because Stevens admitted to the affair, apologized and expressed regret publicly, was cooperative with the investigation, "and he made no offers of compromise or any kind of deal to the Defendant. His behavior did not prejudice the Commonwealth or any party." *Id.* at 745.

SCR 3.165(4), in pertinent part, states "The Respondent may for good cause request dissolution or amendment of any such temporary order by petition filed with the Court . . . ." "Good cause" is defined as a "legally sufficient reason." *Good Cause, Black's Law Dictionary* (11th ed. 2019). This raises the question of what is good cause or a legally sufficient reason to dissolve or amend an order of temporary suspension. A temporary suspension may only be ordered upon probable cause to believe one or more of four circumstances exists: misappropriation of funds; a substantial threat to clients or the public; a criminal conviction calling into doubt an attorney's moral fitness to practice law; or mental disability, mental incapacity, or substance abuse. SCR 3.165(1)(a)-(d). In this case, the order was predicated on a finding of probable cause existing to believe Goldy posed a substantial threat to his clients or the public. That conclusion was inextricably linked to his position as a Commonwealth's Attorney. Thus, the precise question before the Court is whether there is a legally sufficient reason to find that probable cause no longer exists to believe Goldy poses a substantial threat to his clients or the public. Generally, a respondent must demonstrate this affirmatively by showing that the facts which predicated the probable cause finding either were

4

incorrect or a change of circumstances has occurred that essentially nullifies the finding of probable cause. This is necessarily a case-by-case analysis.

In this case, Goldy was the Commonwealth's Attorney. He had no clients but was the representative of the public-at-large. He has denied the charge against him and refused to resign from his office. Goldy's tenure in office is now no longer in question. He has been impeached and is removed. Manifestly, there is no longer probable cause to believe he poses a substantial threat to the public by abusing the power of an office he no longer holds. But is there probable cause to believe his practice of law as a private attorney poses a substantial threat to his clients or the public? There simply are no facts in the record to support that conclusion. There is no public record of Goldy having ever been previously disciplined by this Court before our order of temporary suspension. Moreover, nothing in the Special Commissioner's report this Court adopted as its own to support the order of temporary suspension mentioned, much less relied upon, prior disciplinary history. Nothing in the Special Commissioner's report suggests that Goldy's conduct towards Helton was part of a general pattern with multiple persons. The pending charge of one count of violating SCR 3.130(4.2) is predicated on Goldy's conduct towards Helton. In short, the facts in this record only support the conclusion that Goldy's conduct, while occurring over a seven-year period, was isolated to just one person; and this conduct was bound up with Goldy's position as a Commonwealth's Attorney.

We must also be cognizant that a temporary suspension is not punitive in nature. It rests on a probable cause standard which, in a different context, we have explained means "a good reason to act, . . . it does not mean certainty, or even more likely than not . . . ." *Goben v. Commonwealth*, 503 S.W.3d 890, 913 (Ky. 2016) (quoting *Hanson v. Dane Cnty. Wisconsin,* 608 F.3d 335, 338 (7th Cir. 2010)). Typically, sanctions may only be issued upon a preponderance of the evidence standard. SCR 3.330(4).

Therefore, good cause has been shown by a change in circumstances to conclude there is no longer probable cause to believe Goldy poses a substantial threat to his clients or the public. We caution, however, that nothing in this order should be interpreted as pre-judging or anticipating the conclusions of the Trial Commissioner regarding the pending charge against Goldy, or the recommendation of the Board of Governors on that charge. We remind the parties that this Court possesses the authority to impose discipline as it determines is appropriate, should it ultimately be concluded that Goldy has violated SCR 3.130(4.2). SCR 3.380; *KBA v. Myers*, 457 S.W.3d 725, 726 (Ky. 2015) ("[T]he Trial Commissioner's Report is advisory . . . .").

The temporary suspension of Ronnie L. Goldy, Jr., from the practice of law is dissolved.

All sitting. Conley, Lambert, Nickell, Thompson, JJ., concur. VanMeter, C.J., and Bisig, J., dissent without separate opinion.

ENTERED: June 15, 2023.

CHIEF JUSTICE

6