**Kenneth M. BOGGS, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 99–SC–0729–KB.**

Supreme Court of Kentucky.

Sept. 23, 1999.

Kenneth M. Boggs, Barbourville, for Movant.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Benjamin Cowgill, Jr., Kentucky Bar Association, Kentucky Bar Center, Frankfort, for Respondent.

## OPINION AND ORDER

Movant, Kenneth M. Boggs, a member of the Kentucky Bar since 1971, asks this Court to terminate disciplinary proceedings against him and to enter an order publicly reprimanding him and requiring him to forfeit all fees paid to him in connection with the improper employment upon which the instant action is based. Movant stands accused of violating Rule 1.9(a) of the Kentucky Rules of Professional Conduct, which states that "A lawyer who has formerly represented a client in a matter shall not thereafter ... [r]epresent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation...."

In 1997, Delores and R.L. Convie Wilson employed Movant to prepare two deeds dividing their farm between their two adult daughters, Della Turner and Lisa Coyle. Apparently, Della Turner provided information to Movant on her parents' behalf, and Movant prepared the deeds in accordance with this information. After the deeds were recorded, a question arose as to whether the deeds correctly reflected the Wilsons' intentions with respect to the division of property. Thus, the Wilsons employed Movant to prepare two deeds of correction.

In July of 1998, the Wilsons filed suit against Della Turner and her husband Bobby Joe Turner alleging that Della had given Movant incorrect instructions regarding the division of her parents' farm when she met with him on her parents' behalf; that she had done so in order to obtain a larger share of the property than her parents intended; and that she had refused to execute the deeds of correction. The suit demanded the court rescind the deed to the Turners on the ground it was obtained by fraud. Movant agreed to represent the Turners in the action, and in August of 1998, entered his appearance in the case as counsel for the Turners and filed an answer on their behalf.

On August 27, 1998, and October 3, 1998, the attorney for the Wilsons wrote letters to Movant which encouraged Movant to withdraw from the case on the ground that his representation of the Turners violated conflict-of-interest rules. Movant declined to withdraw at that time, but on May 24, 1999, after allegations of unethical conduct had been made against him, Movant filed a motion to withdraw as counsel for the Turners. On June 9, 1999, the Knox Circuit Court granted the motion.

In his motion before this Court, Movant states that at the time he agreed to represent the Turners, he was unaware that he

was violating Rule 1.9, but that he now recognizes and admits he did violate the rule. Accordingly, he seeks to terminate the pending disciplinary action against him through entry of an order publicly reprimanding him for his misconduct and requiring him to forfeit and reimburse all fees paid to him by the Turners. The Kentucky Bar Association has no objection to the motion.

Upon the foregoing facts and charges and upon Movant's motion to terminate these proceedings, it is ordered that:

1. Movant, Kenneth M. Boggs, is hereby publicly reprimanded for his professional misconduct.

2. In accordance with SCR 3.450(1), Movant is directed to pay the costs of this action in the amount of $12.97 for which execution may issue from this Court upon finality of this Opinion and Order.

3. Movant is directed to forfeit all fees paid to him by Della and Bobby Joe Turner in connection with his improper representation of them, and to reimburse the Turners for the amount of said fees.

All concur.

ENTERED: September 23, 1999.

/s/ JOSEPH E. LAMBERT

CHIEF JUSTICE