Stephen R. CHAPPELL, Individually and as Partners and/or Employees of Landrum & Shouse, a Kentucky General Partnership, et al., Appellants,

v.

KUHLMAN ELECTRIC CORPORATION, Appellee.

Kuhlman Electric Corporation, Appellant,

v.

Stephen R. Chappell, Individually and as Partners and/or Employees of Landrum & Shouse, a Kentucky General Partnership, et al., Appellees.

Nos. 2006–SC–000140–DG, 2006–SC–000144–DG.

Supreme Court of Kentucky.

Oct. 29, 2009.

Rehearing Denied March 18, 2010.

Elizabeth S. Feamster, Guy R. Colson, Fowler, Measle & Bell, LLP, Lexington, KY, Counsel for Stephen R. Chappell, Individually and as Partners and/or Employees of Landrum & Shouse, a Kentucky General Partnership; Thomas M. Cooper, Individually and as Partners and/or Employees of Landrum & Shouse, a Kentucky General Partnership; Landrum & Shouse, a Kentucky General Partnership; and Landrum & Shouse, L.L.P., a Kentucky Limited Liability Partnership.

Robert Dmitri Bobrow, Robert E. Stopher, Boehl, Stopher & Graves, LLP, Louisville, KY, Counsel for Amerisure Mutual Insurance Company, formerly known as Michigan Mutual Insurance Company.

William C. Rambicure, Christopher D. Miller, Rambicure & Miller, PSC, Lexington, KY, John C. Morton, Kurt Richard Denton, Morton Law, LLC, Samuel J. Bach, Henderson, KY, Counsel for Kuhlman Electric Corporation.

Opinion of the Court by Special Justice ROGER CRITTENDEN.

This is a consolidated appeal from a decision of the Court of Appeals in an attorney/malpractice action and an insurance company/bad faith action arising out of a workers compensation case. Both the successful litigant at the trial and appellate level, the Landrum & Shouse law firm, and the unsuccessful litigant, Kuhlman Electric Corporation, petitioned this Court for discretionary review. The Appellee insurance company, Amerisure (f/k/a Michigan Mutual), did not seek discretionary review.

The trial court in these actions determined that Landrum & Shouse owed no duty of care to its former client, Kuhlman Electric Corporation, in a workers compensation case after Kuhlman became self-insured. The trial court granted summary judgment for Landrum & Shouse and Amerisure, finding that Landrum & Shouse did not violate the standards of care due Kuhlman Electric as insured by Amerisure and owed no duty of care to Kuhlman Electric as a self-insured entity. The trial court determined that Amerisure had no contractual liability to Kuhlman Electric as self-insured and was not liable for a claim of bad faith.

The Court of Appeals determined that summary judgment on the issue of the attorneys' duty owed to Kuhlman Electric was inappropriate because the Appeals Court could not conclude there was not a violation as a matter of law. Still, the judgment of the trial court was upheld because the Court of Appeals determined that Kuhlman Electric was unable to show damages in connection with the violations of any duties owed to it by Landrum & Shouse. The Court of Appeals upheld the judgment for Amerisure for the same reasons.

We affirm the decision of the Court of Appeals.

The facts of the workers' compensation case which give rise to the instant case are detailed by the Court of Appeals in *Kuhlman Electric Corporation v. Stephen R. Chappell, et al.,* No. 2003–CA–001232–MR and No. 2004–CA–000633–MR (Ky.App. December 2, 2005):

Kuhlman Electric purchased and maintained a workers' compensation insurance policy through Amerisure covering work-related injuries sustained by its employees during at least the period of April 15, 1977, through October 1, 1988. Among other things, the insur-

ance policy provided that Amerisure would provide legal representation and a defense to Kuhlman Electric against any workers' compensation claims brought against Kuhlman Electric arising from injuries sustained during the policy period.

On April 15, 1977, Kuhlman Electric employee, William Burgess, suffered a work-related back injury. Burgess subsequently filed a claim seeking workers' compensation benefits. Amerisure retained Landrum & Shouse to represent Kuhlman Electric in the ensuing workers' compensation litigation. On July 30, 1979, the Workers' Compensation Board (Board) entered an order awarding Burgess workers' compensation benefits for the April 15, 1977, injury.

On April 6, 1988, Burgess filed a motion to reopen his workers' compensation claim, asserting that there had been a worsening of his condition. Amerisure again retained Landrum & Shouse to defend Kuhlman Electric in the action. The motion to reopen was initially granted by the Administrative Law Judge (ALJ), but, upon appeal, that determination was reversed by this Court.

On October 1, 1988, Kuhlman Electric terminated it workers' compensation insurance coverage with Amerisure, and became self-insured for workers' compensation purposes. Amerisure, however, had a continuing obligation to Kuhlman Electric for claims arising from events occurring within the policy period, including the Burgess injury.

On November 14, 1991, Burgess filed a second motion to reopen his 1977 case, and Amerisure again retained Landrum & Shouse to represent Kuhlman Electric. On behalf of Kuhlman Electric, Landrum & Shouse objected to Burgess's motion to reopen. However, on February 26, 1992, the ALJ issued an order granting Burgess's motion to reopen his previous workers' compensation claim based upon a change in his condition and an increase in his occupational disability attributable to the April 15, 1977 work-related injury.

On August 24, 1992, Landrum & Shouse, on behalf of Kuhlman Electric as insured by Amerisure, filed a motion to join Kuhlman Electric in its capacity as a self-insurer as a party to the workers' compensation action. The motion argued that Burgess had not, in August 1991, suffered a worsening of his 1977 injury (which would be subject to coverage by Amerisure) but, rather, had suffered a new injury (which, if so, would be subject to coverage by Kuhlman Electric in its self-insured capacity). Kuhlman Electric, in its capacity as self-insured, did not object to the joinder motion at that time. On November 20, 1992, the ALJ entered an order granting the motion to add Kuhlman Electric in its self-insured capacity as a party to the workers' compensation action.

The case languished, and it was not until 1996 that Burgess filed a motion alleging that a new injury, rather than a worsening of the original 1977 injury, had occurred in August 1991. At this time Kuhlman Electric, as self-insured, objected to the new injury claim based upon lack of notice and expiration of the statute of limitations for bringing the new injury claim. These defenses were rejected, however, based upon the ALJ's determination that Kuhlman Electric was estopped from raising the defenses because the company itself (in the August 24, 1992, motion filed by Landrum & Shouse) had originally suggested that the August 1991 injury was a new injury rather than a worsening of the 1977 injury.

Ultimately, the ALJ determined that Burgess had incurred a new injury, and that he had suffered no increase in occupational disability from the 1977 injury. As a result, Kuhlman Electric, in its self-insured capacity, was required to pay workers' compensation benefits to Burgess. The ALJ's decision was upheld by the Workers' Compensation Board, this Court, and the Supreme Court.

On August 22, 2001, Kuhlman Electric filed an action in Fayette Circuit Court against Landrum & Shouse and Amerisure. As amended, the complaint alleged causes of action against Landrum & Shouse based upon professional negligence, breach of contract, negligent and intentional breach of fiduciary duties, gross negligence, and breach of implied covenant of good faith and fair dealing. As amended, the complaint stated causes of action against Amerisure based upon the breach of contract, breach of fiduciary duties, aiding and abetting Landrum & Shouse in its breach of fiduciary duties, and bad faith.

On March 14, 2003, Landrum & Shouse filed a motion for summary judgment. On May 12, 2003, the circuit court entered an order granting the appellees summary judgment on all claims against Landrum & Shouse. Kuhlman Electric filed a motion to alter, amend, or vacate, which was denied by order dated June 2, 2003. Kuhlman Electric subsequently filed its notice of appeal from these rulings (Case No. 2003–CA–001232–MR).

On July 8, 2003, Amerisure filed a motion for summary judgment. On March 1, 2004, the circuit court entered an order granting summary judgment to Amerisure. Kuhlman Electric subsequently filed its notice of appeal from that ruling (Case No. 2004–CA–000633–MR). By order dated June 29, 2004, this Court ordered that Case Nos. 2003–CA–001232–MR and 2004–CA–000633 be consolidated.

The Court of Appeals rejected the argument of Landrum & Shouse that Kuhlman Electric/self-insured was a separate entity from Kuhlman Electric Corporation. Since Kuhlman Electric was the client originally, there was a potential conflict between the Company's interest as an insurer and that of Amerisure. Summary judgment was granted early in this case and the record is not extensive regarding all of the parties' communications and actions. As a result, the Court of Appeals could not determine as a matter of law that Landrum & Shouse, along with Amerisure, were entitled to judgment on the "violation of duty" issue. The Court of Appeals then analyzed the probable actions of alternative counsel had Landrum & Shouse withdrawn and determined that the outcome of the underlying case would have been the same. If Kuhlman was unable to show damages as a result of the actions of Landrum & Shouse, summary judgment was properly granted for both Landrum & Shouse and Amerisure.

The parties have continued the same arguments before this Court as they did at the trial court and the Court of Appeals. Landrum & Shouse maintain that Kuhlman Electric/self-insured was a separate entity to which it owed no duty. Kuhlman Electric argues that it remained the client of Landrum & Shouse and the actions taken or not taken by the firm were a substantial factor in the finding of liability on the underlying claim.

We recognize the somewhat unique factual situation involving Kuhlman Electric as insured by Amerisure and Kuhlman Electric as self-insured for workers' compensation purposes, and we understand that in practice when employers switch

insurance carriers in similar situations there is little chance for a conflict of interest if a lawyer continues to represent the original carrier. Had Kuhlman Electric chosen another carrier rather than electing to self insure in October of 1988, Kuhlman Electric would have had little interest in the date of injury or which carrier paid benefits. Kuhlman Electric's election to self insure, however, did not create a new legal entity. Kuhlman Electric was the client of Landrum & Shouse when insured by Amerisure and did not cease to be the client when its interests became adverse to Amerisure.

▪ Supreme Court Rule 3.130–1.7(a) provides that:

A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) Each client consents after consultation.

Since summary judgment was granted early in the case, the record does not reflect extensive discovery. The information developed was not sufficient for this Court to determine that Landrum & Shouse was entitled to summary judgment on the legal duty issue. With the record before it this Court would have to make an exception to the Rules of Professional Conduct for workers' compensation cases in order to sustain the summary judgment granted at the trial court level. We decline to do so. Instead, we agree with the Court of Appeals that Kuhlman Electric will be unable to demonstrate damages even if it successfully proves that Landrum & Shouse and Amerisure violated fiduciary duties.

In the underlying case, the Workers' Compensation Board, in an Opinion entered September 22, 1997, affirmed an Opinion and Award rendered by the Administrative Law Judge. The Administrative Law Judge found that William Burgess incurred a "work-related injury of a cumulative trauma nature which manifested itself on or about August 18, 1991." (Dept. of Workers Claims, Claim NO. 96–02412, Opinion and Award by James L. Kerr, Administrative Law Judge). The Kentucky Court of Appeals, in an unpublished Opinion rendered June 18, 1999, upheld the decision of the Workers' Compensation Board and adopted "the Board's opinion as follows:"

Evidence as to the increased work activity at heavier loads by Burgess for Kuhlman was clearly not contradicted. Medical evidence supports the fact that but for the heavier work load during that period of time, Burgess probably would not have been required to undergo additional back surgery or incur the herniated disc as a result of having the two surgical procedures.... [T]he medical evidence in Burgess' claim is substantial evidence that he sustained a permanent impairment change.

We conclude there is no compelling evidence for reversal of the ALJ on the issue of occupational disability based upon the cumulative trauma to Burgess during the period 1988 to 1991 at his work place. We believe there was substantial evidence in the record for such findings....

*Kuhlman Corporative v. William Burgess,* 1997–CA–00207–WC (Direct Appeal) and *William L. Burgess v. Kuhlman Corporative,* 1997–CA–002849–WC (Cross–Appeal), Unpublished Opinion (Ky.App.1999).

This Court affirmed the Court of Appeals in an unpublished opinion rendered May 18, 2000. *Kuhlman Corporation v.*

*William Burgess; Kuhlman Corporation, as insured by Michigan Mutual; Special Fund; Hon. James L. Kerr, Administrative Law Judge, and Workers' Compensation Board,* 1999–SC–0681–WC. Specifically, this Court found that "[a] review of the medical testimony indicates that a permanent harmful structural change in plaintiff's human organism occurred when he resumed heavier work at Kuhlman." *Id.* at 5. This Court further found that "[t]he heavy work done by Burgess caused a permanent change in his physical condition, rather than simply causing his original 1977 injury to become more painful." *Id.* All of Kuhlman Electric's procedural claims were rejected.

Kuhlman Electric now argues it should be allowed to pursue claims against Landrum & Shouse and Amerisure because their actions impaired Kuhlman Electric's procedural defenses against Burgess. Even if Kuhlman Electric is correct that Landrum & Shouse should have withdrawn from the case as soon as a conflict became apparent, the medical evidence would not have changed. And, as the Court of Appeals pointed out, another law firm brought into the underlying case by Amerisure would have taken the same procedural steps. The rule in a legal malpractice action is:

> To prove that the negligence of the attorney caused the plaintiff harm, the plaintiff must show that he/she would have fared better in the underlying claim; that is, but for the attorney's negligence, the plaintiff would have been more likely successful.

*Marrs v. Kelly,* 95 S.W.3d 856, 860 (Ky. 2003).

Kuhlman Electric cannot now collaterally attack the final judgment in the underlying case. Since the final decision in the underlying case is that Burgess suffered a new injury in 1991 for which Kuhlman

Electric (when it was self-insured) was responsible, Kuhlman Electric will be unable to ultimately prevail in its legal malpractice action against Landrum & Shouse and its bad faith action against Amerisure.

The decision of the Court of Appeals is affirmed.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, and VENTERS, JJ., concur. VESPER, S.J. concurs in part and dissents in part by separate opinion in which SCOTT, J., joins. NOBLE and SCHRODER, JJ., not sitting.

Special Justice PAUL J. VESPER, concurring in part and dissenting in part:

I concur with the majority's conclusion in affirming the Court of Appeals by rejecting the argument of Landrum & Shouse that Kuhlman Electric/Self Insured was a separate entity from Kuhlman Electric Corporation. Kuhlman Electric was the client of Landrum & Shouse when insured by Amerisure and did not cease to be the client when Amerisure's interest became adverse. However, I disagree with the majority in concluding, as the Court of Appeals did, that sufficient evidence is before the Court to conclude Kuhlman Electric would be unable to demonstrate damages even if it successfully proves Landrum & Shouse and Amerisure violated fiduciary duties.

*Significant Procedural History*

The majority cites to the record of the Court of Appeals ruling in *Kuhlman Electric Corporation v. Stephen R. Chappell, et al,* Nos.2003–CA–001232–MR and 2004–CA–000633–MR, 2005 WL 3243498 (Ky. App. Dec.2, 2005) which points out discovery before the trial court was not closed or complete when the trial court was asked to address the question, "who is the client". The record was sufficiently complete to

address this primary question. When the trial court wrongly concluded there was no attorney-client obligation between Landrum & Shouse (herein L&S) and Kuhlman Electric/Self Insured (herein "Kuhlman/SI"), the trial court fairly resolved there was no reason to go further and dismissed the claims as to L&S and Amerisure.

When the Court of Appeals reversed the trial court on the threshold issue of attorney-client relationship, and then adopted the results of the trial court in dismissing the claim as to L&S, it concluded no damages would have been provable under any set of facts. This conclusion was based on the finality of the workers' compensation award finding a *new injury* with apportionment of benefits.

I disagree that the issue of damages or breach of any duty would be foreclosed.

By the time the summary judgment was being considered, sufficient information would have been before the trial court, had it concluded an attorney-client relationship existed, to require further review. These circumstances could have been apparent at least as early as when the Motion to Add Kuhlman/SI to the workers' compensation claim was filed on August 26, 1992 by L&S as attorney for Kuhlman Electric. L&S had knowledge to support its theory that the August 20, 1991 injury, allegedly worsening the condition of Burgess, may have been a "new injury". The record implies these conclusions were communicated to Amerisure and possibly others but not the client, Kuhlman Electric. And because the workers' compensation claim was held in abeyance from November 20, 1992, until January 23, 1996, Kuhlman/SI may not have focused on the medical-legal issues to support its own defense of the second reopening claim since Kuhlman/SI could have reasonably expected to believe it could rely on its attorney, L&S, to keep it informed.

At a minimum, L&S should have been expected to share its conclusions and impressions of the claim with Kuhlman Electric, its client. If L&S had informed Kuhlman/SI of its impressions, Kuhlman Electric may not have been found to have been estopped to raise reasonable and valuable defenses to this "new injury" theory, and, thereby avoid the results of the adverse ruling. Alternatively, on review, the trier of fact might find Kuhlman/SI had sufficient information and it could have been more diligent when it was added as a party self-insured. Either way, such circumstances and questions were sufficient to allow proof of causation and any damages.

Apparently in 1992, L&S had resolved in its own mind its theory of "multiple identities" was acceptable, to believe no conflict of interest occurred in its continuing to represent Kuhlman Electric either as a client or as a former client. This theory, while providing protection to attorneys from conflict of interest claims, does nothing to give a client confidence in the profession exclusively charged with representing the client's interest before adversarial tribunals (nor in the settlement of claims).

### Remaining Factual Conclusions to be Determined

The record, as interpreted in the light most favorable to the non-moving party, requires this Court to support the ruling of the Court of Appeals, concluding L&S had but one client, and that was Kuhlman Electric. I am persuaded this Court is also compelled to reverse in part the conclusion, as the record now stands, that there could be no damages provable to prevail on the so-called "case within the case". While the compensation award for Burgess is final, had there been disclosure

by the attorney of its impression to its client in 1991, the Burgess claim may have resulted in a different outcome or a lessening of the consequences to Kuhlman Electric.

A long line of decisions has held that the question of whether the conduct of an attorney meets the standard of care test is one for the trier of fact to determine.[1] Recently, this Court, in *Marrs v. Kelly*, 95 S.W.3d 856 (Ky.2003), remanded a matter to the trial court on a causation issue. In concurring in part, and dissenting in part, Justice Cooper argued forcefully the matter should not be referred back to a jury, as a trier of fact, on the question of causation. Rather, this matter should strictly be within the province of a judge, sitting without a jury.

If this Court is prepared to adopt the Court of Appeals' opinion, holding the issue of causation and damages was so closed to warrant summary judgment, there being nothing for the trier of fact to decide, then the precedent from this ruling may send a confusing interpretation of whether causation issues are now strictly the province of the court as a matter of law rather than an issue for a jury sitting as fact finder. If this Court is prepared to accept those consequences, then it should clearly hold and say so.

If this is not the majority's position, then the only result one can expect from the status of this case when it was before the Fayette Circuit Court when summary judgment was issued, mandates that it be remanded for further proceedings.

This matter should be remanded to the trial court to complete discovery and address this and similar issues in defenses relating to any breach of duties in the attorney-client relationship and damages caused thereby, if any.

I do not mean to suggest ultimately that the outcome may be different, but the record as it stands, does not support summary judgment.

While the factual and legal situation is different with Amerisure, the rulings on summary judgments were so dependent on the issue of whom L&S represented, the summary judgment in favor of Amerisure should also be remanded for consideration. Based upon further discovery and development of the facts, the interactions between the litigants may be subject to further scrutiny.

SCOTT, J., joins.

---

1. See *Daugherty v. Runner*, 581 S.W.2d 12 (Ky.App.1978)