**Jimmy Charles WEBB, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2009–SC–000642–KB.**

Supreme Court of Kentucky.

Nov. 25, 2009.

### *OPINION AND ORDER*

Movant, Jimmy Charles Webb, Esq. was admitted to the practice of law in the Commonwealth of Kentucky on October 12, 1990. His bar roster address is 187 East Court Street, Prestonsburg, Kentucky 41653, and his KBA Member Number is 83709. Movant requests this Court impose the sanction of a Public Reprimand, with conditions, against him in the above referenced disciplinary proceedings. This was a negotiated sanction pursuant to SCR 3.480(2).

The charges giving rise to this disciplinary action arose from Movant's representation of Tina Clauson (then Tina Gamble) who was involved in a car accident in July, 2006. Also involved in the same accident was Phillip Joseph, a passenger in the vehicle hit by Tina Clauson, whom Movant also represented. When Movant learned of the conflict, he returned the file to Tina Clauson due to the conflict but continued to represent Phillip Joseph against Tina Clauson. When Tina Clauson's new counsel objected, Movant also withdrew from representing Phillip Joseph.

Movant was charged with violation of SCR 3.130–1.7(b) which, at the time, stated in part, "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) The lawyer reasonably believes the representation will not be adversely affected; and (2) The client consents after consultation...."[1] Movant was

---

1. Effective July 15, 2009, this rule is now SCR 3.130–1.7(a), which states, in part, "a lawyer

also charged with violation of SCR 3.130–1.9(a) when he represented Phillip Joseph in the same matter when Joseph's interests were adverse to Tina Clauson's.

Movant admits he violated these rules and, pursuant to SCR 3.380(2), has negotiated a sanction of a Public Reprimand with conditions with Bar Counsel, which has been reviewed and approved by the Chair of the Inquiry Commission and the Immediate Past President of the Kentucky Bar Association.

Having reviewed the record and being of the opinion that the negotiated sanction is proper, this Court grants the motion for sanctions, and it is ORDERED that:

1. Movant, Jimmy Charles Webb, is hereby given a Public Reprimand;

2. Movant, at his own expense, will attend the Ethics and Professionalism Enhancement Program (EPEP) to be held in April 2010 and pass the test given at the end;

3. Movant will not apply for CLE credit of any kind for attendance at the EPEP and will furnish a release and waiver to the Office of Bar Counsel to review his records with the CLE Commission for one year from the completion of said EPEP to verify that Movant has not reported any EPEP hours for CLE credit; and

4. Movant will pay costs in the amount of $34.99, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 25, 2009.

/s/ John D. Minton, Jr.

shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1)

the representation of one client will be directly adverse to another client; . . . . "