**Stephen R. CHAPPELL, KBA Member No. 11560, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2011–SC–000746–KB.**

Supreme Court of Kentucky.

Feb. 23, 2012.

## OPINION AND ORDER

Stephen R. Chappell, KBA Member No. 11560, moves this Court to enter an order resolving the pending disciplinary proceedings contained against him in KBA File No. 16022. Chappell further requests that this Court impose discipline in the form of a public reprimand. The motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

Chappell was admitted to the practice of law in Kentucky on October 21, 1976, and his Bar roster address is 1174 Athenia Drive, Lexington, Kentucky 40504. The present matter arises from his representation of Kuhlman Electric in a worker's compensation action.

William Burgess, a Kuhlman Electric employee, suffered a work-related injury in April of 1977. At that time, Kuhlman had an insurance policy from Amerisure Company that ensured legal representation and a defense to Kuhlman against worker's compensation claims brought from injuries sustained during the policy period. Burgess filed a claim and Amerisure retained the law firm of Landrum & Shouse to represent Kuhlman.

In 1988, Burgess filed a motion to reopen his claim, asserting that there had been a worsening of his condition. Amerisure again hired Landrum & Shouse to defend Kuhlman in the action. Later that year, however, Kuhlman terminated its worker's compensation insurance coverage and became self-insured for worker's com-

pensation purposes. Nonetheless, Amerisure had a continuing obligation for the claims arising during the policy period.

In 1991, Burgess filed a second motion to reopen his 1977 case. Again, Amerisure retained Landrum & Shouse, where Chappell was employed as an associate attorney at the time. In August of 1992, Chappell filed a motion on Kuhlman Electric's behalf to join Kuhlman, in its capacity as a self-insurer, as a party to the worker's compensation action. The motion argued that Burgess had not suffered a worsening of his 1977 injury, but rather had suffered a new injury which would be covered by Kuhlman Electric in its self-insured capacity. Kuhlman, in its capacity as self-insured, did not object to the joinder motion.

In 1996, Burgess filed a motion alleging a new injury had occurred in 1991, rather than a worsening of the original injury. At that time, Kuhlman Electric, as self-insured, objected to the new injury claim based upon lack of notice and expiration of the statute of limitations for bringing a new injury claim. The Administrative Law Judge (ALJ) determined that Kuhlman was estopped from advancing those defenses because the company itself, through the joinder motion, had originally suggested that the injury sustained in August of 1991 was, in fact, a new injury.

Ultimately, the ALJ concluded that Burgess had incurred a new injury, but no increase in occupation disability from the 1977 injury. As a result, Kuhlman Electric, in its self-insured capacity, was required to pay worker's compensation benefits to Burgess. That decision was upheld by the Worker's Compensation Board, the Court of Appeals, and this Court.

In 2001, Kuhlman Electric filed a malpractice action in Fayette Circuit Court against Chappell, Landrum & Shouse, and Amerisure. The Fayette Circuit Court granted summary judgment in favor of Landrum & Shouse, concluding that neither owed a duty of care to Kuhlman in its self-insured capacity. The court also granted Amerisure's motion for summary judgment, determining that it had no contractual obligation to Kuhlman as self-insured and, therefore, was not liable for a claim of bad faith. The Court of Appeals upheld the decision, though for different reasons, and this Court eventually granted discretionary review of the case.

In *Chappell v. Kuhlman Elec. Corp.*, 304 S.W.3d 8 (Ky.2009), this Court determined that summary judgment was inappropriate. Because summary judgment was granted prior to extensive discovery being conducted, the record was inadequate to determine conclusively whether Landrum & Shouse owed a duty to Kuhlman Electric. On the contrary, we stressed that Kuhlman Electric was the firm's client, when insured by Amerisure, and did not cease to be a client when its interests became adverse to Amerisure. While rejecting the trial court's conclusion that no duty was owed, the decision of the trial court was nonetheless affirmed because Kuhlman Electric was unable to show damages in connection with the violation of any duties owed to it by Chappell or Landrum & Shouse.

As a result of this Court's opinion in *Chappell v. Kuhlman Elec. Corp.*, Chappell recognizes and admits that his conduct as described violates SCR 3.130–1.7. That rule provides, in part, that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." To conclude the disciplinary proceedings, Chappell negotiated a sanction with the KBA Office of Bar Counsel. The negotiated sanction includes a public reprimand.

The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed...." SCR 3.480(2). Upon re-

 

ceiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed, citing *Webb v. Ky. Bar Assoc.*, 297 S.W.3d 578 (Ky.2009); *Boggs v. Ky. Bar Assoc.*, 999 S.W.2d 709 (Ky.1999); and *Bezold v. Ky. Bar Assoc.*, 134 S.W.3d 556 (Ky.2004), as similar cases with similar outcomes. Specifically, the lawyers in those cases received public reprimands for behavior comparable to Chappell's.

The Court has reviewed the allegations, the cases cited by the KBA, and the record. We have also considered the fact that Chappell has no prior disciplinary history. We conclude that the discipline proposed by Movant is adequate and decline to remand this matter for further proceedings under SCR 3.480(2).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Movant, Stephen R. Chappell, KBA Member No. 11560, is found guilty of the above-described conduct and admitted violation of SCR 3.130–1.7, for which he is publicly reprimanded by this Court.

2. Movant is directed to pay all costs associated with these proceedings in the amount of $64.82, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, SCHRODER and VENTERS, JJ., concur. SCOTT, J., dissents. NOBLE, J., not sitting.

ENTERED: February 23, 2012.

/s/ John D. Minton, Jr.

Chief Justice