TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0193-KB

IN RE:  MARK EDWARD EDISON

IN SUPREME COURT

**OPINION AND ORDER**

Mark Edward Edison, Kentucky Bar Association ("KBA") Member Number 20250, was admitted to the practice of law in the Commonwealth of Kentucky on April 1, 1974.  His bar roster address is 178 Combs Court, Shepherdsville, Kentucky 40165.

In this attorney discipline proceeding, the trial commissioner recommended Edison receive a public reprimand for violating SCR[1] 3.130(1.9)(a) which pertains to an attorney's duties to former clients.  Neither Edison nor the KBA have sought additional review of the trial commissioner's recommendation.  Following careful consideration, we decline[2] to conduct further review and adopt the decision of the trial commissioner in all respects. SCR 3.370(10) ("If no notice of review is filed by either of the parties, or the Court," then "the Court shall enter an order adopting the decision of the . . . Trial Commissioner . . . relating to all matters.").

---

[1] Rules of the Supreme Court.

[2] We note, however, this Court retains the authority to review the trial commissioner's decision notwithstanding the failure of either party to appeal.  SCR 3.370(9).

In 2020, Brittanie Steele went to Edison's office seeking legal advice and representation concerning a dispute over a road which adjoined Steele's property. Steele believed the road was private and claimed another local resident was damaging the road by driving a dump truck upon it. Edison accepted certain documents from Steele to review.

Following review of the documents and record research at the Bullitt County Courthouse, Edison wrote a letter to Steele, dated June 25, 2020, detailing his conclusion that the road "had been dedicated to public use which means everyone has the right to use the street, but no one had the obligation to maintain it to any standard." Both Steele and Edison agreed that he advised her to take a "wait and see" approach regarding any potential litigation. While the record is unclear pertaining to the exact number of meetings between Steele and Edison, it is undisputed that she returned to his office to discuss the road dispute on October 23, 2020.

In May 2022, Edison was contacted by Donald Coleman and John Fackler. Coleman owned property adjoining the same road for which Steele had sought advice, and Fackler was a prospective purchaser. Coleman and Fackler were concerned about a gate which another landowner had placed upon the road, thereby blocking access. Edison filed suit on behalf of Coleman and Fackler in Bullitt Circuit Court, claiming the road was public and seeking removal of the gate. The lawsuit named all adjoining landowners including Steele.

2

In August 2022, Steele returned to Edison's office seeking representation in the suit he had filed against her and others. Edison informed Steele he could not represent her because he was already representing Coleman and Fackler. Steele obtained alternate counsel and filed a motion to disqualify Edison. Following an evidentiary hearing, the circuit court entered an order disqualifying Edison and stated as follows:

> In this matter Mrs. Steele clearly provided Mr. Edison with confidential information which relates to her position in the litigation. As a result, rulings by the Court which exclude evidence would prohibit the use of the information against Mrs. Steele as a former client. The Court therefore finds that Mrs. Steele is a former client of the Hon. Mark Edison and that his current clients, Plaintiffs herein, are materially adverse to Mrs. Steele. The Court further finds that Mr. Edison provided services to Mrs. Steele in connection to the matter which is in dispute in this litigation. As a result, it is hereby Ordered that the Hon. Mark E. Edison is hereby disqualified from representing the Plaintiffs in this action.

Steele filed a bar complaint against Edison on June 14, 2023. On September 15, 2023, the Inquiry Commission charged Edison with violating SCR 3.130(1.9)(a) which provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Specifically, the Inquiry Commission alleged Edison violated this rule "by representing the Plaintiffs in Bullitt Circuit Court Case No. 22-CI-00497, where their interests were materially adverse to Ms. Steele, without Ms. Steele's consent, and after previously representing Ms. Steele in connection with the same matter." In response to the charge, Edison claimed there was no

3

attorney-client relationship between Steele and himself and, moreover, that the lawsuit seeking the removal of the gate was entirely distinct from Steele's dispute about the damage to the road. The matter was set for a hearing before the trial commissioner.

The trial commissioner specifically found an attorney-client relationship existed between Steele and Edison and noted the occurrence of several meetings, the disclosure of confidential information, the conduct of legal research, and the ultimate provision of advice concerning the legal status of the road. Additionally, the trial commissioner observed that Edison did not specifically decline to represent Steele. Further, the trial commissioner found Edison had a conflict of interest in representing Coleman and Fackler after he had represented Steele. Although the two disputes involved different facts and sought different forms of relief, both cases involved the same legal question of whether the road was public or private and the resulting rights and liabilities of the adjacent and prospective landowners. Thus, the trial commissioner concluded Edison was obligated to either obtain written informed consent from Steele, waiving the conflict, or decline the representation of Coleman and Fackler. Because Edison did neither, the trial commissioner determined he violated SCR 3.130(1.9)(a).

Considering Edison's prior disciplinary history which consisted of two prior private admonitions over the course of a 50-year legal career[3], the trial

---

[3] The private admonitions were issued on June 23, 1980, and June 2, 1982.

4

commissioner determined the least severe available sanction of a public admonition was appropriate.[4] We agree.

The trial commissioner's recommendation is supported by law and the record. Moreover, the proposed sanction of a public reprimand for engaging in a conflict of interest is consistent with our precedents. *In re Hale*, 694 S.W.3d 331, 334 (Ky. 2024); *Bonar v. Kentucky Bar Ass'n*, 405 S.W.3d 465, 469 (Ky. 2013); *Chappell v. Kentucky Bar Ass'n*, 360 S.W.3d 245, 247 (Ky. 2012); *Riley v. Kentucky Bar Ass'n*, 349 S.W.3d 301, 302 (Ky. 2011); *Boggs v. Kentucky Bar Ass'n*, 999 S.W.2d 709, 710 (Ky. 1999). Neither Edison nor the KBA has filed a notice to this Court requesting additional review and based upon our review of the record and applicable precedent, we decline to review the decision of the trial commissioner under SCR 3.370(9). Therefore, we adopt the recommendation of the trial commissioner in its entirety pursuant to SCR 3.370(10).

Accordingly, it is hereby ORDERED as follows:

1. Mark Edward Edison is found guilty of violating SCR 3.130(1.9) and is hereby publicly reprimanded.

2. Pursuant to SCR 3.450, Edison shall pay all costs associated with the investigation and prosecution of this proceeding totaling $1,401.18, for which execution may issue from this Court upon finality of this Opinion and Order.

---

[4] We note the KBA sought the imposition of a public reprimand before the trial commissioner.

All sitting. Lambert, C.J.; Bisig, Conley, Goodwine, Keller, and Nickell, JJ., concur. Thompson, J., dissents.

ENTERED: June 20, 2025.

_____
CHIEF JUSTICE